IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| STANLEY T. FORTNER, and wife KIMERLY FORTNER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:10-CV-119 ) |
| BRADLEY W. BURRELL and D and R TRUCKING, LLC, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM

This civil action is set for trial on April 6, 2011. Four motions are currently pending, and each is ripe for the court's consideration. Following a brief summary of the underlying facts, the motions will be addressed in turn.

I.

*Background*

Plaintiffs filed their complaint on May 27, 2010. According to the complaint, plaintiff Stanley Fortner ("Fortner") was driving in Greene County, Tennessee on June 3, 2009. He was stopped at a red light behind another vehicle. Soon after the light turned green, Fortner was rear-ended by a tractor-trailer driven by defendant Bradley Burrell and allegedly owned by defendant D&R Trucking of Jacksonville, Florida.

Burrell and D&R Trucking filed their answer on June 28, 2010. Therein, they raised the comparative fault of Shonda L. Purkey, the driver of the vehicle in front of Fortner.

On September 14, 2010, plaintiffs moved to amend their complaint. Based on the defendants' assertion of comparative fault, plaintiffs sought to add Purkey and her employer, Chang Y. Zou individually and d/b/a China Chef ("Chang"), as defendants.

The motion was not opposed by any existing defendant and was granted on the same day it was submitted - September 14, 2010. [Doc. 14]. Plaintiffs were ordered to file their amended complaint no later than September 21, 2010. However, due to an alleged oversight by plaintiffs' counsel, the amended pleading was not filed until *December* 6, 2010. [Docs. 27, 29]. Summons were issued that same day.

## II.

### *Summary Judgment*

On September 27, 2010, defendant D&R Trucking moved for summary judgment. [Doc. 15]. Supported by the affidavit of defendant Burrell, D&R Trucking (of Jacksonville, Florida) contends that Burrell is an independent contractor affiliated with D&R Trucking *of Rincon, Georgia*, a separate legal entity. The motion thus argues that plaintiffs have sued the wrong "D&R Trucking."

In response, plaintiffs ask for additional time to conduct discovery. Much of their briefing is devoted to the alleged need for more information on the scope of Burrell's independent contractor status, an issue wholly irrelevant to the present motion. Plaintiffs do, however, also argue that further discovery is needed on the "D&R Trucking" issue. Plaintiffs

contend that the accident report listed D&R Trucking of Jacksonville, Florida (the entity they sued) as the owner of the tractor-trailer.

Inexplicably, plaintiffs did not support that assertion by providing the court with a copy of the accident report. The court has nonetheless reviewed and considered the report because it was made a part of the record as an exhibit to a subsequent motion by another party. [Doc. 35, ex. 1]. The report does in fact state that the owner of the tractor-trailer is D&R Trucking of Jacksonville, Florida.

Plaintiffs have therefore demonstrated a genuine issue of material fact as to whether they did in fact sue the correct D&R Trucking. Summary judgment is only warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Further, by affidavit, plaintiffs have shown the need for further discovery on this issue. *See* Fed. R. Civ. P. 56(f). The summary judgment motion will accordingly be denied.

III.

*Amended Complaint*

On December 20, 2010, defendant Chang moved to strike the amended complaint. [Doc. 34]. Plaintiffs have not responded in opposition to that motion.

When they moved to amend their complaint, plaintiffs did so pursuant to section 20-1-119 of the Tennessee Code. That statute provides in material part,

3

> In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault . . .
>
>> (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person[.]

Tenn. Code Ann. § 20-1-119(a)(1).

The instant case procedurally falls under § 20-1-119. The traffic accident occurred on June 3, 2009. Burrell and D&R Trucking filed their answer on June 28, 2010, alleging the comparative fault of Purkey and Chang. That pleading was filed beyond the expiration of the one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1). Plaintiffs then moved to amend within 90 days of the filing of the answer. Their motion to amend was granted, and they were ordered to file their amended pleading no later than September 21, 2010 - again within § 20-1-119's 90-day window.

By the motion to strike, Chang argues that plaintiffs failed to comply with § 20-1-119. First, Chang contends that § 20-1-119 applies only to previously unknown tortfeasors. Chang also argues that the December 6, 2010 actual filing of the amended complaint was untimely under the statute.

There exists conflicting authority as to the first of these issues. *Compare Schultz v. Davis*, 495 F.3d 289, 295 (6th Cir. 2007) (construing §20-1-119 as applying only to previously undiscovered defendants), *with Townes v. Sunbeam Oster Co.*, 50 S.W.3d 446, 453 (Tenn. Ct. App. 2001) ("In light of the plain language of Tenn. Code Ann. § 20-1-119, we conclude that a plaintiff's knowledge of the existence of other persons who might be liable for the plaintiff's injuries is irrelevant."). The court need not further address this conflict because Chang's second theory is dispositive. The amended complaint must be stricken as untimely.

The Supreme Court of Tennessee has ruled that for amendment under § 20-1-119 to be successful four distinct events must occur within 90 days of the answer alleging comparative fault:

   1. The filing of a motion to amend;

   2. The granting of the motion to amend;

   3. The filing of the amended complaint; and

   4. The issuance of process.

*Jones v. Prof'l Motorcycle Escort Svc.*, 193 S.W.2d 564, 570 (Tenn. 2006). "Regardless of the *reason* for untimely completion of any of these requirements," all four must occur "within ninety days to comply with section 20-1-119." *Id.* (emphasis in original); *accord Anderson v. Bovis Lend Lease*, No. 1:07-CV-125, 2008 WL 336741, at *2 (E.D. Tenn. Feb. 5, 2008) (Collier, C.J.) (citing, quoting, and following *Anderson* despite its "harsh result").

Plaintiffs only complied with the first two of these requirements within 90 days of the filing of the answer. The third and fourth required acts (the filing of the amended complaint and the issuance of process) did not occur until well after § 20-1-119's 90-day period had expired. The justification offered ("oversight of Plaintiffs' counsel") is irrelevant under Tennessee law. *Jones*, 193 S.W.2d at 570.

Chang's pending motion to strike must therefore be granted. The amended complaint filed on December 6, 2010, will be stricken. Defendants Purkey and Chang will be dismissed from this litigation. "Plaintiffs' Motion to File Late Filed Complaint" [doc. 29], submitted *after* the actual filing of the amended complaint, will be denied.

IV.

*Trial Date*

Lastly, pending before the court is plaintiffs' December 6, 2010 motion to continue the trial date [doc. 28]. The motion is based on health issues experienced by plaintiffs' lead counsel and is unopposed.

For the reasons provided in the motion, the request for a continuance will be granted, but plaintiffs' additional request that the continuance be "no more than ninety (90) days" is not well-taken. The court's existing trial docket, the delays caused by plaintiffs' attempted amendment, and the need for additional discovery make a minimal delay of trial unfeasible. Trial will instead be reset to November 2, 2011.

An order consistent with this opinion will be entered.


ENTER:


        s/ Leon Jordan
United States District Judge